UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

        Plaintiff,

v.                                                  Case No. 19-C-578

CRYSTAL MARCHANT,
WISCONSIN DEPARTMENT OF CORRECTIONS,
CATHY JESS,
BRIAN FOSTER,
JEFFREY MANLOVE, M.D.,
TONI MOON,
STEVEN WIERENGA,
SGT. GAU,
TORRIA VANBUREN,
TONY MELI, and
AIMEE WILSON,

        Defendants.

## SCREENING ORDER

Plaintiff Mark Anthony Adell, who is currently serving a state prison sentence at Waupun Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Adell's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Adell has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Adell has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his

complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $1.59. In response to the court's order directing payment of the initial partial filing fee, Adell filed a copy of his trust account statement and advised the court that he is unable to pay the initial partial filing fee. Because it appears that Adell is unable to pay the initial partial filing fee, the court waives the partial fee and will grant Adell's motion to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

### ALLEGATIONS OF THE COMPLAINT

Adell alleges that WCI maintains a seniority-based cell assignment policy, although inmates may be placed in certain cell types for medical, mental health, or security reasons. According to Adell, a "special needs committee" or "single cell committee" decides whether to grant an inmate's request to be placed in a single cell based on a medical need. Dkt. No. 1 at 2, 4. Adell alleges that he suffers from a variety of medical problems, including Crohn's disease, mixed ulcerative colitis, migraines, and a sliding hernia in his neck. He claims these conditions cause him "harsh side effects such as raging bouts of round the clock diarrhea, bowel urgency, gerd, weight loss fluxuations [sic], dehydration et al." *Id.* at 4.

Single-cell placement, Adell alleges, would accommodate his medical needs because he would have his own toilet, which would be reasonably available to him at all times. Adell alleges that sharing a cell with others requires that he compete for toilet access. He also explains that his frequent toilet use frustrates the sleep of his cell mates, which puts him at risk of physical violence when arguments flare up. He further explains that humiliation is an issue in the event that he soils himself. Such an event also risks that his cell mates could be exposed to waste. Adell communicated each of these considerations to Dr. Jeffrey Manlove during a January 8, 2019 appointment, and requested that Manlove order him to be placed in a single cell. Although Manlove declined to order single-cell placement because it was beyond his purview, he indicated that he would support such placement if consulted.

Later the same day, Adell submitted a request for a single cell to the special needs committee, citing his medical conditions and each of the considerations he told Manlove. He also made a formal request for a single cell to Aimee Wilson, WCI's Americans with Disabilities Act

3

(ADA) Coordinator. Frustrated with delay, Adell contacted Brian Foster, WCI's warden, to complain about Wilson's lack of response. Adell also filed an inmate complaint about the special needs committee's delay. Wilson denied Adell's first request in a letter dated January 24, 2019, though Adell alleges he received the letter on February 1st. Adell filed a follow-up request with Wilson, which she denied, saying that Adell's request was a matter for Manlove and the special needs committee. On March 27, 2019, WCI Security Director Tony Meli notified Adell that his request to the special needs committee was denied.

Adell separately alleges that various defendants failed to accommodate his sliding hernia, which he claims required "proper elevation." *Id.* at 8. Adell claims that Sergeant Gau, who supervises WCI's laundry facility, issued him part of a blanket as an alternative to a "more efficient pillow" because "the MD order allowed him to issue such." *Id.* at 9. Dissatisfied with this alternative, Adell asked WCI Health Services Unit (HSU) Manager Crystal Marchant for a bed wedge "as a reasonable alternative." *Id.* Marchant later notified Adell that the special needs committee denied his bed wedge request. Adell alleges that Gau erroneously told Marchant that he gave Adell two pillows, and that Marchant "affirmed [Gau's] denials." *Id.*

Adell attempted to obtain the names of the members of the special needs and single cell committees from Marchant, but Marchant offered a vague response. Adell claims that Toni Moon rejected his inmate "complaint(s)" as untimely in retaliation for past complaints he filed against Moon. *Id.* at 10.

## THE COURT'S ANALYSIS

The Eighth Amendment to the Constitution prohibits "cruel and unusual punishments," including punishments that involve the unnecessary and wanton infliction of pain. U.S. Const.

4

amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Prison officials inflict cruel and unusual punishment "if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Conditions, alone or in combination, that do not, however, fall below the contemporary standards of decency, are not unconstitutional, and '[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Adell's allegations are insufficient to state an Eighth Amendment claim. Although "case law recognizes long-term deprivations of modern toilet facilities as potential Eighth Amendment violations," *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), temporary deprivations of toilet access do not amount to a constitutional violation. *See id.*; *Strominger v. Brock*, 592 F. App'x 508, 511 (7th Cir. 2014); *Castro v. Ill. Dep't of Corr.*, No. 15-cv-00707-MJR, 2015 WL 4751019, at *2 (S.D. Ill. Aug. 11, 2015) (collecting cases). Although Adell alleges that his placement in a double cell requires that he compete for toilet access, he does not allege the frequency with which he is denied or delayed access. He also does not allege that he actually soiled himself, that any cell mates injured him after having their sleep disturbed because of his toilet use, or that he suffered any other adverse consequences as a result of having to share a toilet. Absent more, his allegations are not sufficient to state the objective component of an Eight Amendment claim. *See White*, 710 F. App'x at 262; *Castro*, 2015 WL 4751019, at *2.

Nor does Adell sufficiently allege that any of the defendants were deliberately indifferent toward Adell's limited toilet access in light of his medical conditions. Adell alleges that Manlove

5

declined to order but would support Adell's receipt of a single cell. If anything, such an allegation demonstrates Manlove's concern for and appreciation of Adell's predicament. Even were Manlove able to order that Adell receive a single cell, Manlove was apparently unaware of his authority to do so, meaning his decision not to submit such an order was not made out of indifference. Adell therefore fails to state a claim against Manlove.

His allegations against Wilson are also deficient. Adell alleges that Wilson twice denied his request to receive a single cell. In the second denial, Wilson referred Adell to Manlove and the special needs committee. Although Adell may have been frustrated with Wilson's decisions, her denials alone are not sufficient to allege indifference. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Indeed, not only does Adell not allege facts that can raise an inference that Wilson was deliberately indifferent toward his bowel conditions and limited toilet access, but he also does not name Wilson as a defendant in the caption or "Parties" section of his complaint. Further, to the extent that Adell seeks to raise a claim under the ADA or Rehabilitation (Rehab) Act, Wilson is not individually amenable to suit under those statutes. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). Adell therefore states no claim against Wilson in her individual capacity.

Nor does Adell state claims against Foster or Meli. The only allegation about Brian Foster is that he received a complaint about Wilson's delay in answering Adell's request. The only allegation about Meli is that he informed Adell that the special needs committee denied his single-cell placement request. These allegations, without more, are wholly insufficient to state claims under the Eighth Amendment. *See Matz*, 769 F.3d at 528; *Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015) (citations omitted).

6

Adell separately makes allegations regarding the defendants' failure to accommodate his sliding hernia in his neck. While Adell's allegation that he suffers from a sliding hernia is sufficient, at least at this stage, to allege an objectively serious medical condition deliberate indifference to which would violate the Eighth Amendment, *see Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) and *Perez*, 792 F.3d at 776, he fails to sufficiently allege that the defendants were deliberately indifferent to this condition.

Adell's allegations that Gau issued him a blanket as an alternative to a pillow as allowed under physician order and that Gau told Marchant that Adell received two pillows are insufficient to raise the inference that Gau was deliberately indifferent. Adell makes no allegations that Gau was deliberately indifferent toward, much less aware of, Adell's hernia that formed the basis of the physician order. According to Adell, Gau's decision to issue a blanket rested on a physician order. That Adell preferred a pillow to a blanket does not make Gau's decision to issue a blanket a fact that displays deliberate indifference to Adell's hernia. Adell therefore cannot proceed against Gau.

Nor can Adell proceed against Marchant and Moon. Regarding Marchant, Adell alleges that he asked Marchant for a bed wedge, a request that she apparently referred to the special needs committee, which denied the request. Adell also alleges that Marchant turned a blind eye toward Gau's "abusive conduct." Dkt. No. 1 at 9. As previously stated, Gau was acting according to a physician order, and the fact that Gau told Marchant that Adell received two pillows does not alone raise an inference that Gau was deliberately indifferent or that Adell's condition was being ignored. On the face of the complaint, then, Marchant was not aware of a constitutional deprivation, and in any event, her referral of Adell's request to the special needs committee does not display indifference. Adell therefore cannot proceed against Marchant. *See Perez*, 792 F.3d at 781–82.

As to Moon, Adell's bare allegation that Moon denied his complaints as untimely in retaliation against him for complaints he previously filed against Moon is too vague and conclusory to raise a right to relief above the speculative level, especially where Adell has not alleged that he timely filed such complaints. *See Twombly*, 550 U.S. at 555 (citation omitted). Adell therefore may not proceed against Moon.

Although Adell names several other defendants as parties in this action, he fails to state what each of these defendants did or did not do that violated his constitutional rights. Failure to allege the personal involvement of these defendants in a constitutional violation calls for dismissal of all claims against those defendants. *Id.*; *Matz*, 769 F.3d at 528. To the extent that Adell seeks to raise a conspiracy claim, his allegation that "the defendants acted in collusion by their actions and inactions allowing the medical problems at issue to persist," Dkt. No. 1 at 10, is too vague and conclusory to state such a claim. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1010 (E.D. Wis. 2010).

Aside from constitutional claims, Adell seeks to raise claims under the ADA and Rehab Act. The relief available under the ADA and Rehab Act is coextensive, and the analysis governing each is the same except that the Rehab Act includes the additional element of receipt of federal funds. *Jaros*, 684 F.3d at 671. Department of Corrections (DOC) employees may not be sued in their individual capacities under these statutes, but the DOC itself may be sued. *Id.* at 670 and n.2; Castro, 2015 WL 4751019, at *4; 42 U.S.C. § 12131(1)(b). Because all states accept federal funds for their prisons, the elements under each statute are the same. *Jaros*, 684 F.3d at 671. To state a failure to accommodate claim under the ADA and Rehab Acts, a plaintiff must allege that (1) he is a qualified individual with a disability, (2) a public entity denied him the benefits of its services,

programs, or activities or otherwise discriminated against him, and (3) the denial or discrimination occurred because of his disability. *See Shaw v. Williams*, No. 16-cv-1065, 2018 WL 3740665, at *10 (N.D. Ill. Aug. 7, 2018) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). "Refusing to make reasonable accommodations is tantamount to denying access." *Jaros*, 684 F.3d at 672.

Adell sufficiently states a claim under the ADA and Rehab Act. Adell alleges that he "meets the qualifying criteria under the ADA/Rehab Act . . . regarding his physical disabilities." Dkt. No. 1 at 13. He also alleges that he has Crohn's disease, mixed ulcerative colitis, and other conditions that result in him having round-the-clock diarrhea and bowel urgency. At least at this stage, Adell's allegations that he is unable to control his bowels sufficiently states a disability. *See Banks v. CBOCS West, Inc.*, No. 01C795, 2005 WL 1126913, at *6 (N.D. Ill. May 9, 2005); *Bramlett v. Dart*, No. 14C5939, 2015 WL 4148711, at *3 (N.D. Ill. July 9, 2015) (holding that access to toilets constitutes a critical service under the ADA and Rehab Act). Construing his complaint liberally, he also sufficiently alleges that the denial of his requests for single-cell placement denied him reasonable access to a toilet on the same basis as other inmates (i.e. on an as-needed basis) given his bowel conditions. He alleges that the special needs committee's denials did not rely on a medical opinion and did not reflect the judgment of a panel that investigated his claim. Based on these allegations, it can be inferred that Manlove, who vowed to support single-cell placement for Adell, was not consulted. Taken together, these allegations are sufficient to state claims under the ADA and Rehab Act against Aimee Wilson, WCI's ADA Coordinator, in her official capacity. *See Bramlett*, 2015 WL 4148711, at *3; *Banks*, 2005 WL 1126913, at *6; *see also Castro*, 2015 WL

9

4751019, at *4. Because an official-capacity action against Wilson is an action against the DOC, the DOC will be dismissed as a separate defendant.

Adell may not, however, proceed on ADA or Rehab Act claims related to his request for a bed wedge for failure to allege that his sliding hernia substantially or to a large degree limited a major life activity. *See Estate of Robey by Robey v. City of Chicago*, No. 17-CV-2378, 2018 WL 688316, at *3–4 (N.D. Ill. Feb. 2, 2018); *Kenny v. Loyola Univ. of Chi.*, No. 02C1006, 2003 WL 503119, at *3 (N.D. Ill. Feb. 24, 2003) (citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002)). Additionally, the accommodation Adell received was apparently permissible under a physician's order, and he does not allege that Manlove or any other healthcare worker determined that he required any further accommodation.

In sum, Adell may proceed on ADA and Rehab Act claims relating to the denial of his requests for single-cell placement against Aimee Wilson in her official capacity. He may not proceed on any other claims.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Crystal Marchant, Wisconsin Department of Corrections, Cathy Jess, Brian Foster, Jeffrey Manlove, Toni Moon, Steven Wierenga, Sergeant Gau, Torria Van Buren, and Tony Meli are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this __31st__ day of May, 2019.

>> s/ William C. Griesbach
>> William C. Griesbach, Chief Judge
>> United States District Court