UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

    Plaintiff,

v.                                           Case No. 19-cv-578

WISCONSIN DEPARTMENT
OF CORRECTIONS,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING PLAINTIFF'S MOTION FOR A STAY AND TO AMEND THE COMPLAINT, AND DISMISSING CASE**

Plaintiff Mark Anthony Adell, an inmate at Waupun Correctional Institution (WCI) who is representing himself, is proceeding against Defendant the Wisconsin Department of Corrections (WDOC) on a claim of discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794. Defendant has moved for judgment on the pleadings. Dkt. No. 18. Plaintiff opposes the motion. Dkt. No. 22. He also moves to hold in abeyance Defendant's motion for judgment on the pleadings because, he alleges, Defendant has yet to produce certain documents he requested relevant to "the WDOC's Policies and Procedures governing ADA, single cell[,] and other mandates." Dkt. No. 19 at 1. Because the court previously granted Defendant's motion for a stay of the discovery deadline (Dkt No. 27), there is no current obligation to produce documents on either party. Therefore, Plaintiff's motion to hold Defendant's motion in abeyance (Dkt. No. 19) is **DENIED as moot**. To the extent Plaintiff seeks leave to amend his complaint (*see* Dkt. No. 19 at 3), that request also is **DENIED.** This order will address Defendant's motion for judgment on the pleadings.

**BACKGROUND**

Plaintiff alleges that he suffers from multiple intestinal ailments that cause him the frequent and unpredictable need for a toilet.[1] He has requested placement in a single cell at WCI to accommodate his medical issues and to prevent conflict with, or embarrassment in front of, other inmates. The court allowed Plaintiff to proceed against the WDOC on his claim that it violated the ADA and Rehabilitation Act by denying his requests for placement in a single cell. Dkt. No. 9 at 9.

In its motion for judgment on the pleadings, Defendant asserts that, as a department of a state, it is immune from suit under the Eleventh Amendment against Plaintiff's claims. Dkt. No. 18 at 3. This is so, Defendant argues, because the State of Wisconsin may be sued under the ADA only if Plaintiff alleges a violation of the Fourteenth Amendment, which Defendant contends he has not. *Id.* at 3–4. Defendant further asserts that Plaintiff does not state a claim under either the ADA or the Rehabilitation Act because he fails to allege that he faced discrimination on the basis of his purported disability. *Id.* at 4–5.

Plaintiff responds that his claim is not one of denial of an accommodation but rather is "a clear cut case of discrimination." Dkt. No. 22 at 6. As evidence of that discrimination, Plaintiff points to the WDOC's policy of permitting prisoners single cells based on their seniority, rather than a health-based need for one. *Id.* at 7. He reiterates that "the severity of his impairments demand assignment of a single cell" and asserts that, without a single-cell assignment, he does not have access to showers and toilets "on the same basis as other inmates." *Id.*

---

[1] Plaintiff previously filed a similar lawsuit containing claims under the ADA and Rehabilitation Act against the WDOC and other state officials for a different bathroom policy at the Fox Lake Correctional Institution. That lawsuit concluded with a grant of summary judgment for Defendants. *See Adell v. Wisconsin Dep't of Corr.*, No. 17-CV-448-JPS, 2017 WL 6542471 (E.D. Wis. Dec. 21, 2017).

**ANALYSIS**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is evaluated under the same standards that govern a Rule 12(b)(6) motion to dismiss. *See Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). The court may not look beyond the pleadings in ruling on a motion under Rule 12(c), accepts as true all facts alleged in the complaint, and construes all reasonable inferences in favor of the non-moving party. *See Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted); *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991).

Defendant is correct that, as a department of the state, it is immune from suit as the state itself is. *See Stevens v. Illinois Dep't of Transp.*, 210 F.3d 732, 735 n.1 (7th Cir. 2000) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1983)). Yet, § 5 of the Fourteenth Amendment empowers Congress to abrogate that immunity through private suits for damages, which includes a cause of action under Title II of the ADA. *See United States v. Georgia*, 546 U.S. 151, 158–59 (2006). The cause of action created by Title II, however, only applies to "conduct that actually violates the Fourteenth Amendment." *Id.* at 159; *see Stevens*, 210 F.3d at 740 ("It is only when the States themselves are engaged in conduct that violates the Fourteenth Amendment that Congress is authorized to step in under Section 5 to remedy and prevent those violations."). Only compensatory damages, and not punitive damages, are available under the ADA (or the Rehabilitation Act). *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

The complaint no longer alleges that the state, and therefore Defendant, is engaging in conduct that violates the Fourteenth Amendment. Plaintiff's claims under the Eighth Amendment, which is incorporated into the Fourteenth, were dismissed at screening. Instead, Plaintiff alleges that the WDOC grants single-cell placements based on seniority without regard

3

to medical need. In doing so, Plaintiff contends, the WDOC is discriminating against him based on his medical issues, which he contends renders him disabled. "Disabled individuals, like any class, are protected by the Equal Protection Clause of the Fourteenth Amendment." *Stevens*, 210 F.3d at 737 (citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 446 (1985), and *United States v. Harris*, 197 F.3d 870, 876 (7th Cir. 1999)). But Plaintiff's allegations do not demonstrate that the WDOC discriminated against him based on his disability when choosing who is placed in a single cell. Plaintiff has not received a single cell not because his disability has garnered him unequal treatment but because he has not yet achieved the level of seniority needed to receive one. Because Plaintiff does not allege that the WDOC's system of seniority-based single-cell placement discriminates against him based on his disability, he does not state a Fourteenth Amendment claim. The WDOC is therefore immune from Plaintiff's ADA claim.[2]

Nor do Plaintiff's allegations amount to a violation of the Rehabilitation Act. Under the Rehabilitation Act, a plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the [WDOC] denied him access to a program or activity because of his disability." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)).[3] It can be assumed that Plaintiff is a qualified person who suffers from a disability, but Defendant

---

[2] Although Plaintiff has not requested monetary damages, the WDOC's immunity from suit includes immunity from any potential remedy of damages. *See Wilke v. Cole*, No. 12-CV-1231-JPS, 2014 WL 7237019, at *7 (E.D. Wis. Dec. 17, 2014) (citing *Georgia*, 546 U.S. at 159), *aff'd*, 630 F. App'x 615 (7th Cir. 2015).

[3] The standards for a claim under the ADA and the Rehabilitation Act are nearly identical, and the relief available under each is coextensive. *See Jaros*, 684 F.3d at 671–72. The reach of the Rehabilitation Act is narrower in that it applies to only programs and activities, not services, and requires that the entity in question receive federal funding. *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 845 n.6 (7th Cir. 1999). Because the relief and analysis under either statute is the same, courts often analyze only the Rehabilitation Act claim "in order to avoid a 'thorny question of sovereign immunity' that persists with respect to the ADA." *Banks v. Patton*, 743 F. App'x 690, 696 (7th Cir. 2018) (quoting *Jaros*, 684 F.3d at 671).

contends that toilet access is neither a program nor an activity. Dkt. No. 18 at 5–7. The law in this Circuit suggests otherwise. *See id.* (noting that "the meals and showers made available to inmates" qualify as a program or activity and citing cases); *cf. Phipps v. Sheriff of Cook Cty.*, 681 F. Supp. 2d 899, 916 (N.D. Ill. 2009) (citing cases concluding that access to toilets and showers are programs or activities under the ADA). Even so, Plaintiff has had access to his toilet the same as every non-disabled double-celled inmate, which is all but those of highest seniority who have received a single cell. He was not denied access to a toilet because of his disability. He was, at most, not given the additional accommodation of a single cell because his seniority at WCI has not yet matured to the point that he has earned one.

To the extent Plaintiff bases his Rehabilitation Act claim on the theory that the WDOC failed to accommodate his disability by providing him a single cell, he still fails to state a claim. Plaintiff seeks continual, uninterrupted access to a toilet without compromise by, for example, his cellmate who may use it or need to use it. That accommodation is not "reasonable," particularly for an inmate. Having to contend with limited resources and share living quarters with another inmate is a fact of prison life. And sharing a bathroom or toilet is, for most, a fact of non-prison life, as well. Plaintiff does not need to sit on the toilet, uninterrupted, every hour of the day. No one, even with Plaintiff's health issues, requires that. His request for unimpeded, twenty-four access to his own toilet does not state a claim under the Rehabilitation Act.[4]

Plaintiff also asserts that he was not given leave to amend his complaint and seeks leave to amend now. (Dkt. No. 19 at 3). But he has never properly requested leave to amend his

---

[4] Because Plaintiff fails to state a claim that the WDOC discriminated against him, he has no potential claim for compensatory damages. *See Strominger v. Brock*, No. 2:10-CV-00158-LJM, 2014 WL 268444, at *6 (S.D. Ind. Jan. 23, 2014) (quoting *Morris v. Kingston*, 368 F. App'x 686, 689–690 (7th Cir. 2010) ("Compensatory damages are only available if 'a public official intentionally discriminates because of disability.'"), *aff'd*, 592 F. App'x 508 (7th Cir. 2014).

5

complaint. A plaintiff seeking to file an amended complaint must "state specifically what changes are sought by the proposed amendments" and file the proposed amended pleading as an attachment to the motion to amend. Civil L. R. 15(b). Plaintiff has never submitted a proposed amended pleading or detailed the proposed changes. Nor has he complied with these rules in his pending request to amend. His request to amend is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's motion for judgment on the pleadings, Dkt. No. 18, is **GRANTED**, and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to hold the Defendant's motion in abeyance, Dkt. No. 19, is **DENIED as moot**. To the extent Plaintiff seeks to amend his complaint, his request is **DENIED**.

Dated at Green Bay, Wisconsin this 14th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.