UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

    Plaintiff,

v.                              Case No. 19-C-578

WISCONSIN DEPARTMENT
OF CORRECTIONS,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Mark Anthony Adell moves for reconsideration of the court's previous order granting Defendant's motion for judgment on the pleadings and dismissing this case. Dkt. No. 30. Plaintiff purports to bring his motion under Fed. R. Civ. P. 7, 15, and 54(b). Rule 7 discusses the form motions must take, but it does not provide substantive grounds for Plaintiff's motion. Rule 15 discusses amended and supplemental pleadings. Plaintiff's motion is neither. To the extent Plaintiff again seeks to amend his pleading, his request is denied for the same reasons discussed in the previous order. Dkt. No. 28 at 5–6. Rule 54(b) involves orders in which not all claims for relief are adjudicated. That is not the situation here. The court's previous order granted judgment on the pleadings for the only defendant and dismissed this case. No claims have yet to be adjudicated. Nevertheless, the court will consider Plaintiff's motion as one asking the court to reconsider its previous decision.

Motions for reconsideration serve a limited function. They are necessary to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to

reargue issues decided against them. *Id*. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Plaintiff baldly asserts that the court "made many plain errors" but fails to specify what those errors were. Dkt. No. 30 at 1. He reiterates allegations of his complaint and alludes to "a wealth of proof" of his medical conditions "that meet the requirements under the legal standards at issue." *Id.* at 2. But he does not provide any of that alleged information. *Id.* Moreover, proof of his conditions was not necessary to defeat Defendant's motion. Plaintiff needed to present facts showing that Defendant discriminated against him or denied him access to a program or activity available to other, non-disabled prisoners. He failed to present those facts, and what he did allege otherwise failed to state a claim. Because Plaintiff does not identify a manifest error of law or fact or present newly discovered evidence meriting a different result, the court will deny his motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration, Dkt. No. 30, is **DENIED**.

Dated at Green Bay, Wisconsin this 22nd day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court